UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RANDLES P. TOMPKINS,

                 Plaintiff,

    v.

SPOKANE COUNTY, WASHINGTON,
CINDY NORTH JONES, and OZZIE
KNEZOVICH,

                Defendants.

NO.  CV-07-0195-FVS

ORDER

**THIS MATTER** came before the Court on Plaintiff's February 9, 2009 motion, pursuant to Fed. R. Civ. P. 59(e), for reconsideration of this Court's January 30, 2009 order granting Defendants' motion for summary judgment for dismissal of Plaintiff's action.  (Ct. Rec. 52).  Also before the Court is Plaintiff's March 10, 2009 motion for relief under Fed. R. Civ. P. 60(b).  (Ct. Rec. 57).  Plaintiff is represented by Richard D. Wall.  Defendants are represented by James Henry Kaufman.

**BACKGROUND**

This lawsuit arises from the April 17, 2006, arrest of Plaintiff by Defendant Detective North-Jones.  Plaintiff's complaint alleged civil rights violations, false arrest and imprisonment, a violation of due process rights, a failure to adequately train/supervise Detective North-Jones, assault and battery and a respondeat superior theory of liability against Spokane County.  (Ct. Rec. 1).

ORDER - 1

On or about October 2005, Plaintiff and Stephanie Janzen allegedly began a romantic relationship. (Ct. Rec. 1 ¶ 9). In February 2006, Charlotte Wolverton, Ms. Janzen's legal guardian, petitioned the court for an order for protection against Plaintiff to prevent his contact with Ms. Janzen. (Ct. Rec. 1 ¶ 11). The temporary restraining order was served on Plaintiff on February 19, 2006. *Id*.

On February 13, 2006, Plaintiff contacted the Spokane County Sheriff's Department to report suspected abuse and financial exploitation of Ms. Janzen by her mother, Ms. Wolverton. (Ct. Rec. 1 ¶ 12). Plaintiff made a report to Deputy Badicke of the Spokane Sheriff's Department. (Ct. Rec. 33 at 3). Deputy Badicke conducted an investigation and later referred Plaintiff's matter to Detective North-Jones. *Id*.

On April 5, 2006, Detective North-Jones contacted Ms. Wolverton in reference to Plaintiff's allegations of abuse. (Ct. Rec. 1 ¶ 12). Ms. Wolverton told Detective North-Jones that she was Ms. Janzen's legal guardian and that Plaintiff had been contacting Ms. Janzen against Ms. Wolverton's wishes. On April 12, 2006, Ms. Wolverton brought Detective North-Jones several items that Plaintiff had allegedly given to Ms. Janzen. (Ct. Rec. 23 at 3). Ms. Wolverton indicated to Detective North-Jones that she and other family members were fearful of Plaintiff due to these items, telephone calls and other activities which Ms. Wolverton regarded as inappropriate, harassing and outrageous. (Ct. Rec. 23 at 3).

///

ORDER - 2

On April 17, 2006, Plaintiff met with Detective North-Jones at Plaintiff's request.  (Ct. Rec. 23 at 3).  Plaintiff brought evidence with him to demonstrate that certain allegations made against him were not true and provided Detective North-Jones with a statement detailing his relationship with Ms. Janzen and a copy of numerous messages left by Ms. Janzen on his telephone voice messaging service.  (Ct. Rec. 33 at 3-4).  After interviewing Plaintiff for about 20 minutes, Detective North-Jones placed Plaintiff under arrest for the crime of Stalking in violation of Wash. Rev. Code 9A.46.110.  (Ct. Rec. 1 ¶ 13; Ct. Rec. 33 at 4).  These charges were later dismissed.  (Ct. Rec. 1 ¶ 14).

On January 30, 2009, this Court granted Defendants' motion for summary judgment for the dismissal of Plaintiff's action in its entirety.  (Ct. Rec. 50).

**DISCUSSION**

**I.   Plaintiff's Rule 59(e) Motion**

On February 9, 2009, Plaintiff, through counsel, filed a motion, under Fed. R. Civ. P. 59(e), for reconsideration of this Court's January 30, 2009 order granting Defendants' motion for summary judgment for dismissal of Plaintiff's action.  (Ct. Rec. 52). Defendants filed a memorandum in opposition on February 18, 2009. (Ct. Rec. 55).

**A.   Reconsideration Standard**

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal.

ORDER - 3

1996).  However, reconsideration is appropriate if the court:  (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  *School District 1J, Multnomah County v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see, also, Alliance for Cannabis Therapeutics v. D.E.A.,* 15 F.3d 1131, 1134 (D.C. Cir. 1994).  There may also be other highly unusual circumstances warranting reconsideration.  *School District 1J*, 5 F.3d at 1263.

Under Federal Rule of Civil Procedure 59(e), a party may move to amend a judgment within ten days of the filing of the judgment.  Fed. R. Civ. P. 59(e).  However, such a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Carroll*, 342 F.3d at 945; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Nor is reconsideration to be used to ask the Court to rethink what it has already thought."  *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003).  *See, also*, *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not

ORDER - 4

already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (same).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).

**B.  Analysis**

It is important to note, at the outset, that Plaintiff has offered no argument regarding the dismissal of Spokane County or Defendant Ozzie Knezovich, nor has Plaintiff argued for reconsideration with respect to his state law causes of action. Plaintiff merely challenges the Court's rulings with respect to collateral estoppel, probable cause and qualified immunity as it pertains to Detective North-Jones' conduct.  (Ct. Rec. 53).

Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Plaintiff fails to present newly-discovered evidence to warrant reconsideration and is not contending that there has been an intervening change in controlling law.

ORDER - 5

Plaintiff essentially argues that there is clear error of law with respect to the Court's findings on summary judgment and, therefore, those findings should be corrected to prevent manifest injustice. (Ct. Rec. 53).

Plaintiff has alleged that his arrest by Detective North-Jones violated his civil rights because he was arrested without probable cause. (Ct. Rec. 1 ¶ 17). However, the Court concluded the undisputed facts demonstrate that, as a matter of law, probable cause existed for Plaintiff's arrest by Detective North-Jones. (Ct. Rec. 50). Plaintiff now asserts the Court committed clear error of law by so finding. (Ct. Rec. 53).

**1.  Collateral Estoppel**

Plaintiff first asserts that the Court "misunderstood and misapplied the law regarding collateral estoppel." (Ct. Rec. 53 at 2).

In its order, the Court agreed with Defendants that Plaintiff is precluded from re-litigating the existence of probable cause by the doctrine of collateral estoppel. Importantly, Plaintiff's response to Defendants' motion for summary judgment failed to contest the issue of collateral estoppel.

On April 18, 2006, in Spokane County District Court, Judge Annette S. Plese granted Plaintiff pretrial release on conditions. Rule 3.2.1 of the Washington Court Rules regarding courts of limited jurisdiction holds that the procedure at a preliminary hearing following a warrantless arrest shall include a determination with respect to whether probable cause exists to believe that the accused

ORDER - 6

committed the offense charged.  CrRLJ 3.2.1.  While Judge Plese made
no specific finding of probable cause on the record at the preliminary
hearing, Judge Plese summarized the "probable cause affidavit" of
Detective North-Jones (Ct. Rec. 14 at 55-56), informed Plaintiff a
criminal no-contact order with respect to Ms. Janzen would now be in
place, entered Plaintiff's not guilty plea to the charge, set a
pretrial conference on the matter, and released Plaintiff pending
trial.  Based on the foregoing, the Court determined that Judge
Plese's actions at the preliminary hearing included an implied
determination that probable cause existed to believe Plaintiff had
committed the crime of Stalking.  The Court thus determined that the
doctrine of collateral estoppel precluded Plaintiff from litigating
the issue of probable cause in this lawsuit.

        On reconsideration, Plaintiff cites the Ninth Circuit's decision
in *Haupt v. Dillard*, 17 F.3d 285 (9th Cir. 1994), in support of his
argument that a decision regarding probable cause made at a
preliminary hearing has no preclusive effect.  (Ct. Rec. 53 at 2).
However, in *Haupt*, the Ninth Circuit specifically concluded that the
probable cause determination at Haupt's preliminary hearing, affirmed
by the denial of his petition for a writ of habeas corpus, was
sufficiently conclusive of the issue to preclude its re-litigation.
*Haupt*, 17 F.3d at 289.  This case does not require the Court to alter
its decision with respect to the preclusive effect of Judge Plese's
preliminary hearing.  The Court did not err by finding that the
doctrine of collateral estoppel precluded the re-litigation of the
issue of probable cause.

ORDER - 7

**2. Probable Cause**

Plaintiff also asserts that the Court erred by finding that Detective North-Jones had probable cause to arrest Plaintiff for Stalking. (Ct. Rec. 53 at 3).

The Court determined that, based on the circumstances presented, Detective North-Jones had sufficiently reliable evidence to cause her to believe that Plaintiff had committed the offense of Stalking. The Court thus held that probable cause existed for Plaintiff's arrest on April 17, 2006. (Ct. Rec. 50 at 7-10).

On reconsideration, Plaintiff reasserts his initial claim that there was no information provided to Deputy Badicke or Detective North-Jones "that Ms. Janzen had ever expressed fear of Plaintiff or even a desire not to have contact with him." (Ct. Rec. 53 at 4). However, as indicated in the Court's order, the undisputed facts show otherwise.

The Spokane County Sheriff's Office Report shows that Detective North-Jones had been informed of Plaintiff's actions with respect to Stephanie Janzen from Deputy Badicke, and Detective North-Jones, continuing that investigation, had made contact with Charlotte Wolverton, the guardian of Ms. Janzen. (Ct. Rec. 14 at 55-56). According to Ms. Wolverton, she and other family members were fearful of Plaintiff. Detective North-Jones was informed of Plaintiff's continued attempts to contact Ms. Janzen despite her family's repeated requests that he stay away. On November 8, 2005, Plaintiff was advised by Ms. Janzen that her mother was going to take away her phone and "Plaintiff did not see or hear from Ms. Janzen for several months

ORDER - 8

thereafter." (Ct. Rec. 33 at 2-3). Yet, in January of 2006, Plaintiff showed up at Ms. Janzen's hospital room and refused to leave despite her request that he leave.[1] (Ct. Rec. 14 at 56). Plaintiff nevertheless continued to call Ms. Janzen and send her cards and gifts. (Ct. Rec. 14 at 56). On the day of his arrest, Plaintiff was given *Miranda* warnings and subsequently gave Detective North-Jones statements which appeared to be untruthful.

Based on these undisputed facts, the Court properly concluded that Detective North-Jones had sufficient cause to believe Plaintiff had committing the offense of Stalking. Plaintiff's motion for reconsideration does not convince the Court that is should find otherwise.

**3. Qualified Immunity**

Plaintiff next argues that the Court erred by ruling that Detective North-Jones was entitled to qualified immunity in this matter. (Ct. Rec. 53 at 5-7). Plaintiff contends that the Court failed to provide any explanation for its conclusion that Detective North-Jones was entitled to qualified immunity in light of the facts of record. *Id*. The Court does not agree.

As stated by the Court, viewing the facts in the light most favorable to Plaintiff, the inquiry in this case is whether a law enforcement officer with the information known to Detective North-Jones could reasonably have believed she had probable cause to arrest

---

[1]The report indicates as follows: "01/2006 [Ms. Janzen] is back in the hospital. [Plaintiff] showed up at the hospital but [Ms. Janzen] is confused and requests he leave but he doesn't she then goes to the bathroom hoping when she comes out he will be gone. She finds him with her phone. She tells him to leave." (Ct. Rec. 14 at 56).

ORDER - 9

Plaintiff for Stalking.  *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Saucier v. Katz*, 533 U.S. 194 (2001); *Brosseau v. Haugen*, 543 U.S. 194 (2004).  The facts the Court considered in addressing this issue are as follows:  Detective North-Jones had been informed of Plaintiff's actions with respect to Ms. Janzen from Deputy Badicke and had made contact with Ms. Wolverton, the guardian of Ms. Janzen.  According to Ms. Wolverton, she and other family members were fearful of Plaintiff.  Detective North-Jones was informed of Plaintiff's continued attempts to contact Ms. Janzen despite her family's repeated requests that he stay away.  On November 8, 2005, Plaintiff was advised by Ms. Janzen that her mother was going to take away her phone and "Plaintiff did not see or hear from Ms. Janzen for several months thereafter." (Ct. Rec. 33 at 2-3).  However, in January of 2006, Plaintiff showed up at Ms. Janzen's hospital room and refused to leave despite her request that he leave.  Plaintiff still continued to call Ms. Janzen and send her cards and gifts.  On the day of his arrest, Plaintiff gave Detective North-Jones statements which Detective North-Jones believed were not truthful.

Based on these facts, the Court properly determined that Detective North-Jones is entitled to qualified immunity from Plaintiff's claims stemming from his arrest because a reasonable officer could have reasonably believed that probable cause existed.  Plaintiff's motion for reconsideration does not persuade the Court to believe otherwise.

Plaintiff has failed to present newly-discovered evidence to warrant reconsideration and is not contending that there has been an

ORDER - 10

intervening change in controlling law.  Plaintiff has additionally failed to demonstrate a clear error of law exists with respect to the Court's findings on summary judgment.  Accordingly, Plaintiff fails to provide a proper basis for this Court to reconsider its judgment in this matter under Rule 59(e).

**II.  Plaintiff's Rule 60(b) Motion**

On March 10, 2009, Plaintiff, pro se, filed a motion for relief under Fed. R. Civ. P. 60(b).  (Ct. Rec. 57).

Fed. R. Civ. P. 11 provides that every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.  The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.  If a pleading is not signed by the attorney of record, it may be stricken. Moreover, this Court's Local Rule 83.2(d)(2) provides that "[a] party having appeared by an attorney may not thereafter appear or act pro se in the cause, unless an order of substitution shall first have been made by the Court, after notice to the attorney then of record of such party and to other parties."  LR 83.2(d)(2).  Plaintiff, a represented party, has on his own accord filed the instant motion for relief under Rule 60(b) as well as the supporting papers for the motion.  Although Plaintiff's recent filings are accordingly inappropriate, the Court has reviewed the materials Plaintiff filed and has decided to herein address them in the context of Plaintiff's Rule 60(b) motion.

///

ORDER - 11

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Based on Plaintiff's assertions raised in the instant motion, relief is unavailable under Rule 60(b) in this case.

Plaintiff has demonstrated no new or different facts or circumstances, newly discovered evidence, fraud, or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration. Nor has he alleged that relief is appropriate under Rule 60(b)(4)-(6). Plaintiff therefore fails to provide a proper basis for this Court to reconsider its judgment in this matter under Rule 60(b).

**CONCLUSION**

Based on the foregoing, Plaintiff has failed to provide a proper basis for this Court to reconsider its judgment in this matter under Rule 59(e) or Rule 60(b). Accordingly, Plaintiff's motions for reconsideration (**Ct. Rec. 52 & Ct. Rec. 57**) are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and provide copies to counsel **and Plaintiff**.

**DATED** this ___16th___ day of March, 2009.

                        S/Fred Van Sickle
                        Fred Van Sickle
            Senior United States District Judge

ORDER - 12